STATE OF HAWAII, Plaintiff-Appellant, *v.* RICHARD MARZO, Defendant-Appellee

NO. 7936

CRIMINAL NO. 6254

MARCH 16, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* This appeal was taken by the State from an order of the trial judge dismissing three charges of criminal assault under § 707-712(1)(a), Hawaii Revised Statutes (HRS), against defendant Richard Marzo. The dismissal with prejudice came upon defendant's oral motion after the jury was sworn but before evidence was taken. The court found that the State violated Rule 16(b)(2)(ii),[1] Hawaii Rules of Penal Procedure, because the State failed to furnish a police report[2] to the defendant before trial. The trial court also found that the police report contained exculpatory evidence and the State's failure to furnish it violated defendant's constitutional rights under *Brady v. Maryland.*[3] The court thereupon imposed sanction and dismissed the charges against defendant. We reverse.

We distinguish *Brady* from this case. Brady was convicted of murder. After his conviction, he learned that the government had suppressed and failed to disclose to him a statement made by his accomplice admitting the actual killing. The court found that this deliberate withholding of crucial material by the prosecution did not comport with standards of justice and that Brady was given an unfair trial. *Brady* therefore held that the suppression by the prosecution of evidence favorable to an accused who has requested it violates the accused's due process rights where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. *See also State v. Kahinu,* 53 Haw. 536, 498 P.2d 635 (1972), *cert. denied,* 409 U.S. 1126 (1973).

In this case, standards of justice, fair trial and due process are not involved. The dismissal came at a time when trial had barely begun.

---

[1] Rule 16. DISCOVERY.
  (b) *Disclosure by the Prosecution.*
  .  .  .

  (2) *Disclosure Without Request of Matters Within Prosecution's Possession.* The prosecutor shall disclose to defense counsel the following material and information within the prosecutor's possession or control:
  .  .  .  .

    (ii) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

[2] This report was based upon a complaint made by defendant against the complaining witness.

[3] 373 U.S. 83 (1963).

After the jury was sworn, the motion to dismiss was made. At that point in time, defendant was already in possession of a copy of the police report, albeit through a subpoena duces tecum, rather than through discovery. Defense obtained the report on the first day of trial, but defense knew of the existence of this report from the very moment defendant was charged and throughout pretrial, made no attempt to seek the aid of the court for an earlier production. Defense made no request at any time for a continuance. There was no showing of prejudice because of the delay. In fact, there was no attempt to rectify the prejudice, if any. We hold that it was error for the trial court to conclude that there was a *Brady* violation.

Even without a *Brady* violation, the trial court is nevertheless empowered to dismiss under HRPP Rule 16(e)(8)[4] for non-compliance of Rule 16. Obviously, the sanction of dismissal is addressed to the sound discretion of the court. Admittedly, there appears to be a technical violation of the rules herein; but the violation was not ill-inspired. The prosecution's failure to disclose resulted from nonfeasance on the part of the police to forward the report in question to the prosecutor along with three other reports which were disclosed to defense within sufficient time for defense to prepare.

In exercising the broad discretion as to sanctions, the trial court should take into account the reasons why the disclosure was not made, the extent of prejudice, if any, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances. Wright, *Federal Practice and Procedure* § 260.

We hold that the trial judge abused his discretion in dismissing the charges against defendant. *State v. Kahinu, supra.*

---

[4] Rule 16(e)   *Regulation of Discovery.*

. . . .

(8) *Sanctions.*

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or an order issued pursuant thereto, the court may order such party to permit the discovery, grant a continuance, or it may enter such other order as it deems just under the circumstances.

(ii) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

Jurisdiction of this court is invoked by HRS § 641-13(2)[5] and not § 641-13(1)[6] as the government urges. Hence, this court is without jurisdiction if the dismissal has put defendant in jeopardy.

We hold that, under the circumstances of this case, where defendant moved for and obtained a dismissal immediately after the jury was sworn, preventing a trial to determine his guilt or innocence, no jeopardy attaches. *United States v. Scott,* 437 U.S. 82 (1978); *State v. Pulawa,* 58 Haw. 377, 569 P.2d 900 (1977).

Reversed and remanded for proceedings consistent herewith.

*Stanford H. Masui,* First Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellant.

*Andrew P. Wilson* for defendant-appellee.

---

[5] § 641-13 (1976 & Supp. 1981) *By State in criminal cases.* An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances:

    (1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss, any indictment or information or any count thereof;

    (2) From an order or judgment, sustaining a special plea in bar, or dismissing the case where the defendant has not been put in jeopardy . . . .

[6] *See* note 5 *supra.*