STATE OF HAWAII, Plaintiff-Appellee, *v.* RUDY A. MILLER, Defendant-Appellant

NO. 8623

(CRIMINAL NO. 54792)

APRIL 6, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Rudy Miller was convicted by a jury of attempted murder, as the result of a barroom brawl on August 5, 1980. At trial, the prosecution sought to have Mercy Toro, the bartendress, testify and Miller's attorney objected, claiming surprise, prejudice and violation of Rule 16, H.R.P.P.[1] because the prosecution had failed to disclose her name as a witness. The issue on appeal is whether the lower court abused its discretion in allowing Toro to testify. Under the circumstances we find no abuse of discretion and affirm.

---

[1] Rule 16. *Discovery*

. . . .

(b) Disclosure by the Prosecution.

(1) Disclosure Upon Written Request of Matters Within Prosecution's Possession. Upon written request of defense counsel, the prosecutor shall disclose to

The test for determining if a lower court has abused its discretion in handling a Rule 16 problem such as the one at bar is if after finding a violation of the rule, the court takes measures to alleviate any prejudice, such as making a full inquiry into the circumstances, and allowing the other side to interview the unlisted witness before the witness testifies. *State v. Morishige,* 65 Haw. 354, 652 P.2d 1119 (1982); *State v. Sugimoto,* 62 Haw. 259, 614 P.2d 386 (1980); *see* Rule 16(e)(8)(i), at n. 1, *supra.*

Here the prosecution did not give defense counsel Ms. Toro's name as a witness, and defense counsel did not learn of her existence until the morning of the trial. However, defense counsel failed to request a continuance or object to the calling of Ms. Toro until the trial was well under way and Ms. Toro was about to take the stand. The lower court ruled that the prosecution violated Rule 16, and chose to fashion a remedy to alleviate any possible prejudice to the defense. He did so by making an extensive inquiry into the situation, interviewing Ms. Toro, and recessing the trial for ten minutes to allow defense counsel to speak with her before she testified. Under these circumstances, we cannot say that the lower court's actions constituted an abuse of discretion. .

Nevertheless, the trial prosecutor's conduct in this case is disturbing. The duty of the prosecution is to seek justice, to exercise the highest good faith in the interest of the public and to avoid even the appearance of unfair advantage over the accused. Therefore we direct that if a trial judge determines that the prosecution has intentionally or flagrantly violated its duty, the judge should con-

---

him the following material and information within the prosecutor's possession or control:

    (i) the names and last known addresses of persons whom the prosecutor intends to call as witnesses, in the presentation of the evidence in chief, together with their relevant written or recorded statements, provided that statements recorded by the prosecutor shall not be subject to disclosure;

. . . .

(8) Sanctions.

    (i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or an order issued pursuant thereto, the court may order such party to permit the discovery, grant a continuance, or it may enter such other order as it deems just under the circumstances.

sider imposing sanctions against the violating attorney and referring the matter to the Disciplinary Counsel for appropriate action.

Affirmed.

*Michael P. Akana (Patricia Loo Goodness* with him on the brief) for defendant-appellant.

*Emlyn H. Higa (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.