**STATE OF HAWAII**, Plaintiff–Appellee, v. **RONALD SOARES**, Defendant–Appellant

NO. 14636

(CR. NO. 89–1927)

**STATE OF HAWAII**, Plaintiff–Appellee, v. **HOLLIE SURATT**, Defendant–Appellant

NO. 14803

(CR. NO. 89–1371)

JULY 31, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

Defendant–appellant Ronald Soares (Soares) and defendant–appellant Hollie Suratt (Suratt) were indicted separately but convicted in a consolidated trial and have filed separate appeals on their convictions of Robbery in the Second Degree, Hawaii Revised Statutes (HRS) § 708–841(1)(a) (Supp. 1990).[1] Appellants argue that the trial court erred in submitting an accomplice instruction to the jury and further that the court's accomplice instruction was erroneous. Appellants also claim that the cumulative effect of the prosecutor's improper remarks deprived them of a fair trial. We agree with appellants' contentions and reverse.

### I.

On August 22, 1989, Holiday Mart store detective Mitchell Tam (Tam) observed appellants placing several cartons of cigarettes into a shopping cart. Tam then saw Soares place

---

[1] We have consolidated the opinions, because the appeals were argued together and the points raised are, for the most part, identical.

cigarettes into a large handbag. Appellants left the store, with Suratt carrying the bag, without paying for the cigarettes.

Outside of the store, Tam approached appellants, identified himself, showed his badge, and told appellants that they were under citizen's arrest for shoplifting. As Soares turned towards him, Tam grabbed Soares. During their struggle, the back of Soares' head hit Tam in the mouth causing Tam to release Soares. Soares then fled.

While struggling with Soares, Tam instructed Conway Marks (Marks), a Holiday Mart clerk who was assisting Tam, to stop Suratt from leaving the area. Marks blocked Suratt's escape by standing directly in front of her path. After unsuccessfully attempting to push Marks out of her way, Suratt tricked Marks into looking the other direction and then fled with the bag.

Suratt was arrested by police after she returned to Holiday Mart a few minutes later without the bag. Neither the bag nor the cigarettes, however, were recovered. On May 22, 1990, Suratt was charged with Robbery in the Second Degree. On December 14, 1989, Soares was charged with one count of Robbery in the Second Degree and one count of Theft in the Fourth Degree. Soares was arrested on January 17, 1990. Upon the State's motion, appellants' trials were consolidated. After a jury trial, appellants were convicted of Robbery in the Second Degree. This appeal follows.

## II.

Appellants argue that it was error for the court to submit an accomplice instruction to the jury where the charges against Soares and Suratt, respectively, specifically referred to the use of force by appellants against separate individuals.

As can be seen, the complaint against Suratt states:

> On or about the 22d day of August, 1989, in the City and County of Honolulu, State of Hawaii, HOLLIE

> SURATT while in the course of committing a theft, did use force against *Conway Marks*, a person who was present, with intent to overcome that person's physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree in violation of Section 708–841(1)(a) of the Hawaii Revised Statutes.

(Emphasis added).

The charge against Soares states in pertinent part:

> **COUNT I:** On or about the 22d day of August, 1989, in the City and County of Honolulu, State of Hawaii, RONALD SOARES, while in the course of committing a theft, did use force against *Mitchell Tam*, a person who was present, with intent to overcome that person's physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree in violation of Section 708–841(1)(a) of the Hawaii Revised Statutes.

(Emphasis added and in original).

While it is not necessary for the State to specifically charge a defendant as an accomplice, *State v. Apao*, 59 Haw. 625, 646, 586 P.2d 250, 263 (1978), nevertheless, we hold that under the circumstances herein, where each defendant is charged separately and each charge involves different facts with different victims, an accomplice instruction should not have been given.

The Hawaii and the federal Constitutions as well as our rules of penal procedure clearly require that appellants be informed of the charges against them. Hawaii Const. art. I, § 14; U.S. Const. amend. VI; Hawaii Rules of Penal Procedure Rule 7(d); *State v. Jendrusch*, 58 Haw. 279, 567 P.2d 1242 (1977). Given that appellants were charged separately, it would only have been fair for the State to assert the circumstances in which appellants acted as accomplices.

## III.

We further conclude that the court's accomplice jury instruction was a misstatement of Hawaii law. The accomplice instruction provided:

> All persons who are present and participate in the commission of a crime [are] responsible for the acts of each other done or made in furtherance of the crime.
>
> It is not necessary to prove that each one committed all of the acts of the crime.
>
> Each person who does one act which is an ingredient of the crime or immediately connected with it is as guilty as if he or she committed the whole crime with his or her own hands.

Accomplice liability is specifically defined in our criminal statutes as:

> A person is an accomplice of another person in the commission of an offense if:
>
> (1) With the *intention* of promoting or facilitating the commission of the offense, he:
>
>      . . . .
>
>      (b)  Aids or agrees or attempts to aid the other person in planning or committing it[.]

HRS § 702–222 (1985) (emphasis added).

Section 702–222 requires that to be guilty as an accomplice, a person must act with the *intent* of promoting or facilitating the commission of the crime. The court's accomplice instruction clearly does not contain such a mens rea element. The court's instruction implies that a person merely needs to be present and participate in an act of the crime to be guilty as an accomplice. Under the court's accomplice instruction, the State is relieved from its burden of proving that appellants acted with the requisite intent.

## IV.

Appellants also assert that the prosecutor's misconduct substantially prejudiced their right to a fair trial. According to appellants, the prosecutor's improper remarks during jury selection and his repeated misconduct during trial, by themselves, require reversal of their convictions.

We have repeatedly stated that "[t]he duty of the prosecution is to seek justice, to exercise the highest good faith in the interest of the public and to avoid even the appearance of unfair advantage over the accused." *State v. Miller*, 67 Haw. 121, 122, 680 P.2d 251, 253 (1984); *see also State v. Pemberton*, 71 Haw. 466, 476, 796 P.2d 80, 85 (1990); *State v. Quelnan*, 70 Haw. 194, 198, 767 P.2d 243, 246 (1989). In this case, the record contains numerous examples of the prosecutor's disregard for appellants' right to a fair trial. For example, during jury selection, the prosecutor asked a prospective juror her feelings about someone who did something wrong but did not have adequate counselling in his or her "formative years." After Soares' counsel objected and asked the court to instruct the prospective jurors not to infer from any of the attorneys' questions that anyone had done anything wrong, the prosecutor remarked, "if nobody has done anything wrong, we wouldn't be here."

Further examples of the prosecutor's misconduct include the prosecutor's repeated attempts to introduce evidence previously excluded by motion in limine, numerous "speaking objections," and leading questions.

Although no single instance of prosecutorial misconduct substantially prejudiced appellants' right to a fair trial, we find that the cumulative weight of the prosecutor's improper conduct was so prejudicial as to deny appellants a fair trial. *State v. Kahalewai*, 55 Haw. 127, 516 P.2d 336 (1973); *Pemberton*, 71 Haw. 466, 796 P.2d 80 (1990). Upon review of the record, we are convinced that

the number of instances of improper conduct by the prosecutor created " 'an atmosphere of bias and prejudice which no remarks by the trial court could erase.' " *Kahalewai*, 55 Haw. at 129, 516 P.2d at 338 (quoting *Scott v. State*, 47 Ala. App. 509, 512, 257 So. 2d 369, 371 (Crim. App. 1972)).

## V.

Accordingly, appellants' convictions are reversed and the cases are remanded for new trials.

*Richard S. Kawana*, for defendant–appellant Soares.

*Susan Barr* (on the brief), former counsel for defendant–appellant Soares.

*Derrick Chan*, (*Alexandra P. Scanlan* on the brief), Deputy Public Defenders, for defendant–appellant Suratt.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for plaintiff–appellee.