**STATE OF HAWAII**, Plaintiff–Appellee, v. **SIONE HAMALA**, Defendant–Appellant

NO. 15616

(CR. NO. 87–1570)

JULY 6, 1992

LUM, C.J., WAKATSUKI, MOON,
KLEIN, AND LEVINSON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant Sione Hamala (Hamala) argues in this interlocutory appeal prior to retrial for Second Degree Murder, Hawaii Revised Statutes (HRS) § 707–701.5 (Supp. 1987), and of Carrying a Firearm on Person Without Permit or License, HRS § 134–9 (1985), that the court erred in denying his motion to dismiss the charges against him on the grounds that the Double Jeopardy Clauses of the United States Constitution and the Hawaii State Constitution bar retrial. Hamala contends that the State elicited improper and prejudicial testimony in his first trial with the intent

of provoking a mistrial, that this resulted in reversal on appeal, and that, therefore, a second trial is now barred.

Because the record does not reflect that the prejudicial testimony was elicited for the purpose of goading the defendant into seeking a mistrial, we affirm the lower court's ruling that the Double Jeopardy Clauses of the United States Constitution and the Hawaii State Constitution do not bar this second trial.

## I.

On September 27, 1988, by jury trial, Hamala was adjudged guilty of Second Degree Murder in the shooting death of Okusitino Moale Vailea (Vailea) and Carrying a Firearm Without a Permit or License. Hamala appealed that conviction, complaining that improper and prejudicial testimony deprived him of a fair trial. The Intermediate Court of Appeals (ICA) heard his appeal and affirmed the conviction, finding that the prejudicial testimony was harmless error. We granted defendant's application for a writ of certiorari to consider his claim that the "deliberate elicitation by the prosecuting attorney of inadmissible testimony denied him a fair trial." *State v. Hamala*, No. 13388 (Haw. Jan. 26, 1990) (mem.).

The prejudicial testimony of which Hamala complained occurred when witness Pouisima Mohulama testified that several days after the Vailea shooting, Hamala told Mohulama that Hamala had previously shot two people. The prosecutor argued that the testimony was not hearsay, but explained Mohulama's conduct in agreeing to hide the Vailea murder weapon, and that it further established intent and lack of mistake on Hamala's part. The court ruled the testimony inadmissible and instructed the jury to disregard it; however, the court denied defendant's motion for a mistrial.

The ICA recognized the highly prejudicial nature of the testimony in question; however, it concluded that the cautionary

instruction given at the trial was sufficient to dispel any prejudice which might have been occasioned by the testimony. The ICA held that the error was harmless in light of the entire record. However, this court agreed with the defendant's contention that the testimony regarding prior bad acts elicited by the prosecutor was highly prejudicial and that no curative instruction could suffice. We vacated the judgment of conviction and remanded the case to the circuit court for a new trial. *Id.*

Hamala then filed a motion to dismiss the charges on double jeopardy grounds. Hamala claimed that in the original proceeding the prosecutor deliberately elicited prejudicial testimony in order to provoke a mistrial. Hamala argued that although the trial court, in error, did not grant the mistrial, the impermissible testimony led to reversal on appeal and that, therefore, double jeopardy concerns should bar retrial.

For purposes of the motion to dismiss, the lower court found that prior to the elicitation of the prejudicial testimony, the trial court in the original proceedings had not made a clear ruling where it had a previous opportunity to do so.[1] Therefore, the prosecutor was not on notice that eliciting the prejudicial testimony might lead to a mistrial. The lower court further found, based on the record, that the prosecutor elicited the testimony with a good faith belief in its admissibility. The lower court held that the record did not support a finding that the prejudicial testimony was elicited for the purpose of goading the defendant into moving for a mistrial and

---

[1] During the testimony of an earlier witness, the prosecution had come close to eliciting a similar statement regarding prior bad acts of the defendant. During a colloquy at the bench the court told the prosecutor, "[y]ou can cross–examine the foundation for [the witness'] fear." Later, when defense counsel feared that the next question would produce a statement about the prior bad acts, defense counsel objected, "I don't know where this is going, Your Honor." The court responded, "I think you better find out, first, Counsel." Thereupon, on its own, the prosecutor stopped the line of questioning which might have brought out statements about Hamala's prior bad acts.

that, therefore, double jeopardy did not bar retrial. Accordingly the trial court denied the defendant's motion to dismiss, which he now appeals.

## II.

In *Burks v. United States*, 437 U.S. 1 (1978), the Supreme Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." *Id.* at 18. The Court distinguished between reversal for "trial error" and reversal for "evidentiary insufficiency" and explained that:

> [R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e. g.*, incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Id.* at 15. *See also United States v. Tateo*, 377 U.S. 463, 466 (1964) ("[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction"). The Supreme Court has consistently held that reprosecution following reversal on appeal is constitutionally permissible. *See, e.g., Tibbs v. Florida*, 457 U.S. 31 (1982); *United States v. DiFrancesco*, 449 U.S. 117 (1980).

Separate and distinct from the issue of double jeopardy following reversal on appeal is the issue of the consequences of mistrial for double jeopardy purposes. Following a trial where no verdict is reached, the Supreme Court has held that retrial is ordinarily possible. *See, e.g., Wade v. Hunter*, 336 U.S. 684 (1949) (retrial after hung jury does not implicate double jeopardy concerns). The Supreme Court has carved a narrow exception to the general rule that retrial is possible following mistrial in instances where deliberate prosecutorial or judicial misconduct results in a successful motion for mistrial. The rationale is that "[t]o permit retrial in such a circumstance offends the interests supporting the double jeopardy bar because the misconduct compel[s] the defendant to forego his right to a fair trial leading to a verdict before the first tribunal." *United States v. Singer*, 785 F.2d 228, 238 (8th Cir.), *cert. denied*, 479 U.S. 883 (1986) (citing *United States v. Dinitz*, 424 U.S. 600, 609–10 (1976); *United States v. Jorn*, 400 U.S. 470, 485 (1971)).

In *Oregon v. Kennedy*, 456 U.S. 667 (1982), the Court held that double jeopardy interests attach only when "the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Id.* at 679. In federal courts, defendants bear the burden of demonstrating that the prosecution *intended* a mistrial to result in order to successfully claim the double jeopardy bar.

This court adopted a standard consistent with *Oregon v. Kennedy* in *State v. Hoke*, 69 Haw. 44, 47, 731 P.2d 1261, 1263 (1987). In *Hoke*, the prosecutor adduced testimony from a police detective that the defendants were unavailable for a lineup identification because they were already incarcerated for other offenses. This testimony was the subject of a prior motion *in limine*, and the testimony had been ruled inadmissible. Upon the elicitation of the prohibited testimony, the court cautioned the jury to disregard the statements. In closing arguments, the prosecutor again referred to prior crimes, stating, "[d]efendants robbed places together."

Defense counsel again moved for a mistrial which, this time, the court granted. Hoke then argued that reprosecution was barred because of prosecutorial misconduct, but this court rejected his argument, agreeing with the standard set forth in *Oregon v. Kennedy*. Finding our earlier holding in *State v. Pulawa*, 58 Haw. 377, 569 P.2d 900 (1977), *cert. denied*, 436 U.S. 925 (1978), consonant with federal law, we said, "in order for the double jeopardy prohibition to a retrial to be imposed defendants must show that the prosecution intended to provoke a mistrial." 69 Haw. at 47, 731 P.2d at 1263.

Despite language in *Burks* to the contrary, 437 U.S. at 15, Hamala urges this court to extend *Oregon v. Kennedy* and apply it when an appellate court finds that a motion for a mistrial based on prosecutorial misconduct was wrongly denied and that the misconduct was intended to provoke a mistrial. The Court of Appeals for the Ninth Circuit considered but did not resolve this issue in *Greyson v. Kellam*, 937 F.2d 1409, 1415 (9th Cir. 1991), finding instead that the prosecutor's overreaching in that case was not intended for the purpose of provoking a mistrial.

The instant case is one in which this court, like the *Greyson* court need not decide whether *Oregon v. Kennedy* and our own *State v. Hoke* compel the invocation of double jeopardy where the prosecutorial misconduct is intended to provoke mistrial, even where the trial court erroneously fails to grant such motion and the trial proceeds to verdict. The conduct of the prosecutor in the instant case does not support finding intentional conduct by the prosecutor to provoke a mistrial. Here, the lower court found that the prosecutor's intent in deliberately eliciting the prior bad act information was to establish proof that the prosecutor felt was proper and was not done to provoke a motion for a mistrial. The lower court further found that during the testimony of a prior witness, the trial court had not made a clear ruling as to whether or not that testimony about prior bad acts could be elicited, and the

prosecutor was not violating a court ruling when eliciting the prejudicial testimony.

Because we agree with the finding of fact of the lower court that there was no prosecutorial intent to goad defendant into moving for a mistrial, we need not reach the issue of whether the narrow exception of *Oregon v. Kennedy* and *State v. Hoke* applies in cases of convictions reversed on appeal.

The order denying defendant's motion to dismiss the charges is hereby affirmed.

*Richard T. Pafundi* for defendant–appellant.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for plaintiff–appellee.