STATE OF HAWAI'I, Plaintiff–Appellee, v. ELENA
LOUISE TUCKER, Defendant–Appellant, and
GLENN EDWARD TUCKER, SR., Defendant

NO. 15255

(FC–CR. NO. 90–0010)

and

STATE OF HAWAI'I, Plaintiff–Appellee, v. GLENN
EDWARD TUCKER, SR., Defendant–Appellant,
and ELENA LOUISE TUCKER, Defendant

NO. 15264

(FC–CR. NO. 90–0010)

ORDER DENYING DEFENDANT–APPELLANT
GLENN EDWARD TUCKER, SR.'S MOTION
FOR RECONSIDERATION OF OPINION
FILED SEPTEMBER 1, 1993

OCTOBER 29, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

The Motion for Reconsideration of our September 1,
1993 opinion in *State v. Tucker*, 10 Haw. App. 73,
861 P.2d 37 (1993) (*Tucker II*), filed by Defendant–
Appellant Glenn Edward Tucker, Sr. (Glenn) on Septem-
ber 27, 1993, is hereby denied.   In his motion, Glenn

requests that we determine whether there was sufficient evidence at trial to support his conviction of Murder in the Second Degree, an issue we had previously decided we need not resolve, *Tucker II*, 10 Haw. App. at 93, 861 P.2d at 48. Glenn maintains that appellate review of the sufficiency issue is mandated, since a determination of evidentiary insufficiency would bar his retrial under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.[1]

Having reviewed the trial record and analyzed applicable double jeopardy case law, we are of the opinion that Glenn's Fifth Amendment rights will not be violated if this case is remanded for a retrial.

According to the Hawai'i Supreme Court, the Double Jeopardy Clause bars retrial of a defendant once a reviewing court has found the evidence at trial to be legally insufficient to support a conviction. However, retrial is not barred when the reviewing court reverses a case due to trial error. *State v. Hamala*, 73 Haw. 289, 834 P.2d 275 (1992).[2]

---

[1] This amendment reads in pertinent part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]"

[2] The supreme court in *Hamala* noted:

In *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Supreme Court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient. . . ." *Id.* at 18, 98 S. Ct. at 2150. The Court distinguished between reversal for "trial error" and reversal for "evidentiary insufficiency" and explained that:

[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that

In the instant case, we reversed Glenn's conviction for trial error, namely erroneous jury instructions and improper admission of evidence, *State v. Tucker*, 10 Haw. App. 43, 861 P.2d 24 (1993) (*Tucker I*), and under *Hamala*, Glenn's reprosecution for trial error is constitutionally permissible. Glenn argues, however, that the trial below was infected not only by trial error but also by constitutional insufficiency of the evidence. Therefore, consistent with double jeopardy principles, we cannot remand the case for a retrial based upon trial error without also addressing the sufficiency of evidence claim.

There is support for Glenn's position. While the Hawai'i and United States Supreme Courts have yet to grapple with this precise issue, some jurisdictions have held that challenges based upon sufficiency of the evidence must always be decided on appeal, despite the court's reversal on other grounds. *See, e.g., United*

the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Id.* at 15, 98 S.Ct. at 2149. *See also United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964) ("[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction"). The Supreme Court has consistently held that reprosecution following reversal on appeal is constitutionally permissible.

73 Haw. at 293, 834 P.2d at 277 (citations omitted).

*States v. Szado*, 912 F.2d 390, 393 (9th Cir. 1990); *United States v. Quinn*, 901 F.2d 522, 529 n.5 (6th Cir. 1990); *Harris v. State*, 284 Ark. 247, 249–50, 681 S.W.2d 334, 335 (1984); *Hooker v. State*, 621 S.W.2d 597, 598 (Tex. Cr. App. 1980); *Mitchell v. State*, 44 Md. App. 451, 462, 409 A.2d 260, 267 (1979). Other courts disagree, holding that it is not necessary to review the sufficiency of the evidence when a case is reversed and remanded for a new trial due to trial error. *See, e.g.*, *United States v. Porter*, 807 F.2d 21, 24 (1st Cir. 1986), *cert. denied*, 481 U.S. 1048, 107 S. Ct. 2178, 95 L. Ed. 2d 835 (1987); *United States v. Mandel*, 591 F.2d 1347, 1373–74, *overruled in part on other grounds on rehearing*, 602 F.2d 653 (4th Cir. 1979), *cert. denied*, 445 U.S. 961, 100 S. Ct. 1647, 64 L. Ed. 2d 236 (1980). Still other courts have decided to review sufficiency of the evidence challenges as a matter of policy, although not required to do so under double jeopardy principles. *United States v. Miller*, 952 F.2d 866, 874 (5th Cir. 1992), *cert. denied*, ___ U.S. ___, 112 S. Ct. 3029, 120 L. Ed. 2d 900 (1992); *United States v. Douglas*, 874 F.2d 1145, 1150 (7th Cir. 1989), *cert. denied*, 493 U.S. 841, 110 S. Ct. 126, 107 L. Ed. 2d 87 (1989).

We need not resolve the specific issue in this case, however, because our review of the trial record reveals sufficient evidence to support Glenn's conviction of Murder in the Second Degree.

We note that in *Lockhart v. Nelson*, 488 U.S. 33, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988), the United States Supreme Court held that the Double Jeopardy Clause does not bar a retrial where *all* the evidence offered by the state and admitted by the trial court, whether erroneously or not, would have been sufficient to sustain a guilty verdict. The Supreme Court stated that "[p]ermitting retrial

in [such an] instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to 'obtai[n] a fair readjudication of his guilt free from error.'" 488 U.S. at 42, 109 S. Ct. at 291, 102 L. Ed. 2d at 274 (citing *Burks v. United States, supra*, 437 U.S. at 15, 98 S. Ct. at 2149, 57 L. Ed. 2d at 12). In this case, the sum of all the evidence in the record, including the redacted confessions that we ruled were inadmissible in *Tucker I*, legally supported Glenn's conviction.

Motion denied.


*Pamela J. Berman* on the motion for defendant–appellant Glenn Edward Tucker, Sr.