**STATE OF HAWAI'I**, Plaintiff–Appellant, v. **KIMO DOWSETT**, Defendant–Appellee

NO. 16216

(CR. NO. 91–1532)

AUGUST 4, 1994

BURNS, C.J., WATANABE, AND ACOBA, JJ.

492

OPINION OF THE COURT BY ACOBA, J.

On June 25, 1991, Appellee–Defendant Kimo Dowsett (hereinafter Defendant) was indicted for the offense of Criminal Property Damage in the Second Degree in violation of Hawai'i Revised Statutes § 708–821(1)(b) (1985). On September 25, 1991, the motions court ordered the State to provide Defendant with any statements made by the complaining witness. This order was made in response to Defendant's Motion to Compel Discovery filed September 10, 1991 pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 16.

Defendant's jury trial began on March 30, 1992. After four witnesses, including the complaining witness, had testified, defense counsel informed the court that a police officer had handed him a document entitled, "Suspect Weapon Vehicle Description" (Honolulu Police Department (HPD) Form 458)[1] signed by the complaining witness after the incident. In its opening brief, the State indicated the form "contained [the complaining witness'] description of the suspect and vehicle . . . ." Defense counsel contended that the failure to disclose this document was "extremely prejudicial." The prosecutor admitted he

---

[1] The Honolulu Police Department (HPD) Form 458 was not part of the record on appeal. It was marked as an exhibit and "offered into the record" by the defense. The court had the HPD Form 458 marked as Defense Exhibit A and made it "a part of the record." The exhibit was subsequently withdrawn. The State attached a copy as Appendix A to its opening brief of what purports and this court assumes to be the HPD Form 458.

had been informed of the document "approximately two weeks before trial" but stated he "forgot about it."

The court granted Defendant's oral motion for mistrial and dismissed with prejudice. It stated that the form, which was marked as a defense exhibit and made part of the record, was a "substantial part of Defendant's defense and was necessary for Defendant for his use in cross examination of the complaining witness." The court further found that "[f]rom this form alone, it can be seen that the complaining witness' testimony would have been impeached." The Findings of Facts, Conclusions of Law and Order Granting Defendant's Oral Motion for Mistrial and Dismissal with Prejudice (hereinafter Dismissal Order) was filed on May 4, 1992. The State timely appealed from this Dismissal Order.

## I.

In its brief, the State "concedes that the failure to provide . . . H.P.D. Form 458 . . . was a violation of both Rule 16, H.R.P.P. and the court's Order Granting Defendant's Motion to Compel Discovery." But it argues that the trial court "should be required to make a full inquiry on the record showing that . . . alternatives were explored" that were "less severe than mistrial or dismissal."

While not stated in the Dismissal Order, HRPP Rule 16(e)(9)(i) [2] governs sanctions in cases where "a party has failed to comply with this [R]ule [16] or an order issued

---

[2] In 1993, during the pendency of this case, Hawai'i Rules of Penal Procedure (HRPP) Rule 16(e)(8) was renumbered to HRPP Rule 16(e)(9). Although the numbering changed, the language remained the same. For convenience we use the section's present numbering of HRPP Rule 16(e)(9).

pursuant thereto . . . ." "[HRPP Rule 16(e)(9)(i)] provides that where a party fails to comply with its terms 'the court may order such party to permit the discovery, grant a continuance, *or . . . enter such other order as it deems just under the circumstances.'* " *State v. Sugimoto*, 62 Haw. 259, 262, 614 P.2d 386, 389 (1980) (emphasis in the original) (quoting HRPP Rule 16(e)[(9)](i)). Thus, it cannot be controverted that "the trial court is . . . empowered to dismiss under HRPP Rule 16(e)[(9)(i)] for non–compliance [with] Rule 16." *State v. Marzo*, 64 Haw. 395, 397, 641 P.2d 1338, 1340 (1982) (footnote omitted). "Obviously, the sanction of dismissal is addressed to the sound discretion of the court." *Id.* But, "[i]n exercising the broad discretion as to sanctions [under HRPP Rule 16], the trial court should take into account the reasons why the disclosure was not made, the extent of prejudice, if any, *the feasibility of rectifying that prejudice by a continuance*, and any other relevant circumstances." *Id.* (emphasis added).

Under related circumstances, the Hawai'i Supreme Court has said, "[t]he test for determining if a lower court has abused its discretion in handling a Rule 16 problem . . . is if after finding a violation of the rule, the court takes measures to alleviate any prejudice . . . ." *State v. Miller*, 67 Haw. 121, 122, 680 P.2d 251, 251 (1984). We hold, therefore, that before the court orders dismissal of a case because of the State's violation of HRPP Rule 16, it must consider whether less severe measures would rectify prejudice caused to the defendant by the violation.

Here, dismissal was ordered on the second day of trial. The State had not yet completed its case. There is no indication that the complaining witness could not have been recalled for further examination by Defendant on HPD Form 458. A short continuance to allow Defendant to examine the form and to prepare cross–examination

would have cured whatever prejudice resulted because of the document's late production. *Cf. Miller*, 67 Haw. 121, 680 P.2d 251 (1984). None of the parties requested a continuance. Neither the trial court's oral ruling nor its written order indicates any consideration of measures less severe than dismissal. The trial court here failed to "take into account . . . the feasibility of rectifying that prejudice by a continuance . . . ." *Marzo*, 64 Haw. at 397, 641 P.2d at 1340. Accordingly, the court abused its discretion in failing to grant a continuance to allow the prejudice to be rectified. *See also People v. District Court*, 808 P.2d 831 (Colo. 1991) (it is an abuse of discretion to grant dismissal for failure to disclose potentially exculpatory information when a continuance would cure the prejudice to the defendant).

## II.

Defendant complains that in "case after case reversed by [the appellate] court[s] . . . no action is ever taken against the offending prosecutors." He relates that the effect of reversal is that the State "gets to retry the accused." It has been reiterated in cases involving the prosecutor's violation of HRPP Rule 16 that "[t]he prosecution has a duty 'to seek justice, to exercise the highest good faith in the interest of the public and to avoid even the appearance of unfair advantage over the accused.' " *State v. Moriwaki*, 71 Haw. 347, 354, 791 P.2d 392, 396 (1990) (quoting *State v. Quelnan*, 70 Haw. 194, 198, 767 P.2d 243, 246 (1989)). *Accord Miller*, 67 Haw. at 122, 680 P.2d at 251 (quoted in *Quelnan*).

As in *Miller*, "the trial prosecutor's conduct in this case is disturbing." *Miller*, 67 Haw. at 122, 680 P.2d at

251. HPD Form 458 was prepared by the complaining witness after the incident. The form indicates that it was completed on April 12, 1990 before Defendant was indicted. The State clearly should have made it available within a reasonable time after the indictment,[3] not in the middle of a jury trial nearly two years after it was completed. Failure to disclose the document properly resulted in an unnecessary interruption of the trial affecting the jury, the court, Defendant, the witnesses, and other pending criminal cases. The information on the form arguably "tends to negate the guilt of the accused [or] mitigate the degree of the offense . . . ." Hawai'i Rules of Professional Responsibility DR 7–103(B) (1991).[4] Therefore, the prosecutor was also ethically bound to "make timely disclosure" to the defense under Hawai'i Rules of Professional Responsibility Rule DR 7–103(B).

The obligation to seek justice is paramount and the prosecution's duty under HRPP Rule 16 must be diligently observed. Discovery is at the foundation of the fact finding and truth seeking process. Faithful adherence to discovery obligations serves the public interest: Discovery provides the basic information which is necessary to expedite

---

[3] Under HRPP Rule 16(e)(1), the prosecutor is now required to produce discovery within ten calendar days following arraignment and plea of the defendant.

[4] The Hawai'i Rules of Professional Responsibility were superseded in 1994 by the Hawai'i Rules of Professional Conduct. The Hawai'i Rules of Professional Responsibility DR 7–103 (1991) is essentially the same as the Hawai'i Rules of Professional Conduct Rule 3.8(b) (1994). Hawai'i Rules of Professional Conduct Rule 3.8(b) states that a public prosecutor shall "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense . . . ."

trials and plea decisions in an already overburdened court system and promotes fairness in the adversary system.

> [T]he ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial. . . . The growth of such discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system.

*Wardius v. Oregon*, 412 U.S. 470, 473–74, 93 S. Ct. 2208, 2211, 37 L. Ed. 2d 82, 87 (1973).

HRPP Rule 16(e)(9)(ii) governs sanctions for violation of discovery rules or orders. It provides that a *"[w]illful* violation by counsel of an applicable discovery rule or an order issued pursuant thereto *may* subject counsel to appropriate sanctions by the court." HRPP Rule 16(e)(9)(ii) (emphasis added). "A willful act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently." BLACK'S LAW DICTIONARY 1599 (6th ed. 1990). Accordingly, sanctions imposed on counsel pursuant to HRPP Rule 16(e)(9)(ii) for willful violations of discovery rules or orders require a showing that the violations were intentional, knowing, or purposeful.

Clearly, intentional, knowing or purposeful violations of a court rule or order should not be countenanced. Thus, there is little benefit to a rule which permits the discretionary and random imposition of sanctions for such conduct, as opposed to the advantages of mandatory imposition of sanctions. Furthermore, in light of continuing

HRPP Rule 16 problems it is questionable that a "willful" standard is an effective deterrent to discovery violations. Certainly, negligent non–compliance has equally deleterious effects on discovery objectives.

Absent an amendment to HRPP Rule 16(e)(9)(ii), it rests on the trial judges to enforce strict adherence to such rules and orders to secure "fairness in administration and the elimination of unjustifiable expense and delay." HRPP Rule 2.

Standard 11–4.7(b) of the AMERICAN BAR ASSOCIATION (ABA) STANDARDS FOR CRIMINAL JUSTICE is essentially the same as HRPP Rule 16(e)(9)(ii). It states: "If an applicable discovery rule or an order issued pursuant thereto is not promptly implemented: . . . (b) the court may subject counsel to appropriate sanctions upon a finding that counsel willfully violated the rule or order." 2 ABA STANDARDS FOR CRIMINAL JUSTICE Standard 11–4.7 (2d ed. 1986). The commentary to Standard 11–4.7(b) states that it "specifically authorizes the court to take action against the attorney personally . . . includ[ing] the use of the contempt power and referral for professional disciplinary action." 2 ABA STANDARDS FOR CRIMINAL JUSTICE Standard 11–4.7 commentary at 11–68 (2d ed. 1986). [5] Considering the salutary purpose of the Standard, we hold that contempt and

---

[5] The commentary to Standard 11–4.7(b), in its entirety, states:

Paragraph (b) specifically authorizes the court to take action against the attorney personally in any case where noncompliance with a discovery rule or order is the result of the attorney's willful violation. The authorization includes the use of the contempt power and referral for professional disciplinary action. The use of contempt is specifically authorized by the National Advisory Commission standards and by the National Prosecution Standards.

ABA STANDARDS FOR CRIMINAL JUSTICE Standard 11–4.7 commentary at 11–68 (1986).

referral for professional disciplinary action are available to the court as sanctions against counsel under HRPP Rule 16(e)(9)(ii) for willfully violating discovery rules and orders.

## III.

Defendant further contends that, if we hold that the trial court erred in issuing the Dismissal Order, retrial of Defendant is barred by the double jeopardy clauses in the United States Constitution and the Constitution of the State of Hawai'i. "The prohibition contained in the fifth amendment of the United States Constitution and article I, section 10 of the Hawai['] i State Constitution is that '[n]o person shall . . . be subject for the same offense to be twice put in jeopardy[.]' " *State v. Decenso*, 5 Haw. App. 127, 135, 681 P.2d 573, 580 (1984). Of course,

> the fact that the lower court dismissed [the indictment] after the jury was impaneled does not bar a revival of [the indictment]. Although jeopardy attaches when the jury is impaneled, . . . dismissal of a charge after jeopardy attaches does not always bar further prosecution on the same charge. . . . [For] [w]here, as here, a defendant succeeds during trial in having a charge against him dismissed without submitting the question of his guilt or innocence of that charge to the . . . jury, the double jeopardy clause does not bar a second trial of that charge.

*Id.* at 135–36, 681 P.2d at 580 (citations omitted). Consequently, retrial is not barred because Defendant moved for dismissal in this case and was successful in having the charge dismissed before a determination was made of whether he was guilty or not guilty.

However, the United States Supreme Court has "carved a narrow exception to the general rule that retrial is possible following mistrial in instances where deliberate prosecutorial or judicial misconduct results in a successful motion for mistrial." *State v. Hamala*, 73 Haw. 289, 294, 834 P.2d 275, 277 (1992). The double jeopardy clause will bar a retrial when "'the [prosecutor's] conduct giving rise to the [defendant's] successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Id.* at 294, 834 P.2d at 278 (quoting *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S. Ct. 2083, 2091, 72 L. Ed. 2d 416, 427 (1982)). In order to bar retrial, the "'defendant[] must show that the prosecution intended to provoke a mistrial.'" *Id.* at 295, 834 P.2d at 278 (quoting *State v. Hoke*, 69 Haw. 44, 47, 731 P.2d 1261, 1263 (1987)). Defendant does not make any showing that the prosecutor intended to provoke a mistrial. The prosecutor admitted he forgot to disclose the form, and stated that "it wasn't intentional that [he] withheld it." Indeed, at trial, Defendant's counsel stated, "I do not believe that the prosecutor intentionally intended to deceive the court . . . ."

Apparently recognizing that the prosecutor did not intentionally provoke a mistrial, Defendant requests that we adopt a standard barring retrial where there is an "indifferent" rather than an "intentional" prosecutorial provocation of a defendant's motion for mistrial. He relies on *State v. Kennedy*, 295 Or. 260, 666 P.2d 1316 (1983). However, *Hamala* is controlling in our jurisdiction. As the Supreme Court of Oregon admits, it "has . . . given independent interpretation [to its double jeopardy clause] with results that might not correspond to those in other states . . . ." *Id.* at 263, 666 P.2d at 1318.

Moreover, the test set forth in *Kennedy* does not apply to this case because, there, retrial is barred only when the "improper official conduct is so prejudicial to the defendant that it cannot be cured by means short of a mistrial . . . ." *Id.* at 276, 666 P.2d at 1326. As we have discussed above, the facts of this case did not warrant a mistrial.

## IV.

Therefore, we vacate the Findings of Fact, Conclusions of Law and Order Granting Defendant's Oral Motion for Mistrial and Dismissing with Prejudice filed May 4, 1992 and remand the case for retrial.

*Doraine F. Meyer*, Deputy Prosecuting Attorney, on the brief for plaintiff–appellant.

*Earle A. Partington*, on the brief for defendant–appellee.