216 P.3d 121

**STATE of Hawai'i, Plaintiff–Appellee**

v.

**Dutchy INMAN, Defendant–Appellant.**

**No. 28672.**

Intermediate Court of Appeals of Hawai'i.

Sept. 15, 2009.

Linda C.R. Jameson (Law Office of Linda C.R. Jameson), on the briefs, for defendant-appellant.

Dakota K. Frenz, Deputy Prosecuting Attorney, County of Hawai'i, on the briefs, for plaintiff-appellee.

NAKAMURA, Presiding Judge, FUJISE, and LEONARD, JJ.

Opinion of the Court by NAKAMURA, Presiding Judge.

Defendant–Appellant Dutchy Inman (Inman) appeals from the Judgment filed on May 29, 2007, by the District Court of the Third Circuit (district court).[1] After a jury-waived bench trial, the district court found Inman guilty of six counts of violating an injunction against harassment, an offense pursuant to Hawai'i Revised Statutes (HRS) § 604–10.5 (Supp.2008).[2]

The district court excluded two defense witnesses as a sanction for Inman's failure to fully comply with a discovery order and curtailed the testimony of a third witness. We conclude that the district court erred in 1) imposing the drastic sanction of excluding two defense witnesses and 2) curtailing the testimony of a third witness, under the facts and circumstances of this case. We vacate Inman's convictions and remand the case for a new trial.

I.

On March 5, 2004, Margaret Klein (Klein) obtained an injunction against harassment that prohibited Inman from, among other things, 1) "[C]ontacting, threatening, or physically harassing [Klein] and any person(s) residing at [Klein's] residence" and 2) telephoning Klein. Klein testified that she obtained the injunction based on an incident in which Inman came to her house without permission and assaulted her. Plaintiff–Appellee State of Hawai'i (State) charged Inman by amended complaint with seven counts of violating the injunction against harassment. The charges against Imnan were based on allegations that: 1) Inman had made telephone calls to Klein on July 26, 2004, (Counts 6 and 7) and on August 10, 2004, (Counts 3, 4, and 5); 2) Inman had glared and made lunging movements at Klein's minor son, T.K., from a distance and while separated by a fence, during a school celebration on January 11, 2005; (Count 2); and 3) Inman had made an obscene gesture

1. The Honorable Matthew S.K. Pyun presided over the proceedings at issue in this appeal.

2. HRS § 604–10.5(h) (Supp.2008) provides, in relevant part, that "[a] knowing or intentional violation of a restraining order or injunction issued pursuant to this section is a misdemeanor."

with his middle finger while driving past T.K., who was waiting at a bus stop, on January 18, 2005 (Count 1).

On appeal, Inman asserts that: 1) the district court abused its discretion by precluding two defense witnesses from testifying at trial as a sanction for Inman's failure to comply with a discovery order and by limiting the testimony of a third witness; 2) the district court's "actions deprived Inman of his constitutional right to compulsory process to present witness testimony on his own behalf"; and 3) Inman's trial counsel provided ineffective assistance by creating the circumstances that led to the district court's rulings.

Inman was found guilty on all counts except Count 5. The district court sentenced Inman to concurrent terms of one year of imprisonment, with mittimus forthwith on the first six months and the last six months suspended upon the condition that Inman comply with all mandatory terms of probation. After Inman served a few weeks in prison, he was granted bail pending appeal.

For the reasons set forth below, we conclude that the district court erred in excluding two defense witnesses as a discovery sanction against Inman and in limiting the testimony of a third witness. On that basis we vacate the district court's Judgment and remand the case for a new trial.

## II.

### A.

Inman failed to file a witness list by the deadline set forth in the district court's pretrial conference order. However, when the trial date was continued, Inman filed a motion seeking permission to file a witness list. The motion identified Colleen Gifford (Gifford), Inman's fiancée, as a witness Inman planned to call and gave notice that he planned an alibi defense. The State opposed Inman's motion.

A hearing on Inman's motion was held on August 1, 2006. Inman advised the district court that Gifford, his purported alibi witness, would testify to Inman's whereabouts on January 18, 2005, in regard to Count 1. Inman also disclosed that he planned to call two additional witnesses, Stacey Parks (Parks), a school administrator, and a bus driver for Roberts Hawaii named Tito. Inman proffered that Parks would testify that

she was standing near Inman during the school celebration and that she did not observe Inman lunge at T.K. or do any of the things Inman was accused of in Count 2. The bus driver, later identified as Tito Padamada (Padamada), had purportedly picked up T.K. from the bus stop on the day that Inman allegedly drove by and made the obscene finger gesture that was the basis for Count 1. Inman proffered that Padamada would testify that he did not see Inman driving anywhere near the bus stop when Padamada picked up T.K. and that T.K. did not mention the alleged incident to Padamada.

The district court[3] ruled that Gifford would be permitted to testify and that Padamada and Parks would be permitted to testify if the defense provided the State with the names, addresses, phone numbers, and birth dates for Parks and Padamada by August 7, 2006. The district court stated that if the defense failed to comply with these requirements, the defense could not call Padamada and Parks. The district court also ordered the parties to exchange in writing the information required by Hawai'i Rules of Penal Procedure (HRPP) Rule 12.1 (1977) regarding Inman's notice of alibi, with the exchanges to be completed by August 7, 2006.

### B.

On August 7, 2006, Inman filed an amended witness list that provided the State with the required information regarding Parks and Padamada, except for Padamada's birth date and phone number. The amended witness list contained Padamada's name, his employer, "Roberts Hawai'i—Hilo," and the employer's address.

Inman also filed on August 7, 2006, a "[HRPP] Rule 12.1 Explanation of Alibi Defense." Inman stated that he intended to raise an alibi defense as to Count 1 and proffered the following expected testimony of Gifford and Padamada in support of that defense. Gifford would testify that Inman left their residence at 5:30 a.m. to drop her off at work and routinely took his children to eat at Verna's Drive In before dropping the children off at school. Gifford would further

3. The Honorable John P. Moran presided.

testify that based on this routine, it would have been impossible for Inman to have been near T.K.'s bus stop at 7:00 a.m.—the time Inman was alleged to have made an obscene gesture at T.K. Padamada would testify that he arrived at T.K.'s bus stop at approximately 7:00 to 7:15 a.m.; Padamada did not see Inman's vehicle at or near the bus stop; and T.K. did not mention the alleged incident to Padamada.

In response to Inman's filings, the State moved to preclude Parks, Padamada, and Gifford from testifying. The State noted that Inman had failed to provide Padamada's birth date by the established deadline.[4] It also claimed that with respect to Inman's alibi filing, Inman had failed to advise the State of Inman's whereabouts at the time of the alleged offense. The State argued that because Inman had failed to strictly comply with all the conditions imposed by the district court, all three defense witnesses should be excluded from testifying.[5]

On August 22, 2006, just prior to the start of trial, the district court held a hearing on the State's motion. Defense counsel argued that although the defense had not provided the State with Padamada's birth date, which the defense did not know, the defense had provided the State with sufficient information to contact Padamada at his business and thus had substantially complied with the court's requirements. Defense counsel further argued that excluding a defense witness from testifying was too drastic a remedy and asked the district court to instead consider sanctioning Inman's attorneys for any non-compliance with the court's order. Defense counsel noted that with respect to Parks, all the information required by the district court had been provided to the State. The district court granted the State's motion to preclude Padamada and Parks from testifying.

The State asserted that if Gifford was permitted to testify, her testimony should be limited to Count 1 because the defense offer of proof regarding Gifford's alibi testimony

had only pertained to Count 1. Defense counsel argued that Gifford's testimony should not be limited to Count 1 because Gifford was not really an alibi witness as to the other counts, but a percipient witness to say "he didn't do it." The district court rejected the defense argument and limited Gifford's testimony to Count 1.

### C.

The trial commenced with the State calling T.K. as its first witness. After T.K.'s testimony was completed, the district court ordered a recess until October 10, 2006, a delay of seven weeks. The trial did not actually resume until January 23, 2007. In the interim, on September 7, 2006, Inman filed a motion asking the district court to reconsider its order precluding the defense from calling Parks and Padamada as witnesses and curtailing the testimony of Gifford. The district court denied the motion for reconsideration.

### III.

 Inman argues that the district court abused its discretion in granting the State's motion to preclude Parks and Padamada from testifying as witnesses and in limiting Gifford's testimony to Count 1. We conclude that the district court erred in its rulings.

### A.

HRPP Rule 16 (2000) establishes requirements for discovery in cases in which the defendant is charged with a felony. HRPP Rule 16(a). In cases like Inman's, where the defendant is charged with a misdemeanor, the trial court has the discretion to require disclosure as provided for in HRPP Rule 16 upon a showing of materiality and reasonableness. HRPP Rule 16(d). We presume, as the parties apparently do, that the district court's pretrial conference order requiring

---

4. The State's motion did not refer to the omission of Padamada's phone number.

5. The State interpreted the district court's ruling as providing that if Inman failed to satisfy all the

conditions for all the witnesses, then none of the witnesses could testify. Our review of the record does not support the State's all-or-none interpretation.

Inman to disclose his witness list and its remedial disclosure orders handed down after Inman failed to file his witness list on time were issued by the district court pursuant to HRPP Rule 16.

■ A trial court's imposition of sanctions pursuant to HRPP Rule 16 for a discovery violation is reviewed for abuse of discretion. *State v. Ahlo,* 79 Hawai'i 385, 398, 903 P.2d 690, 703 (App.1995). In *Ahlo,* this court recognized that

> while [discovery] sanctions are designed to accomplish the purpose of discovery[,] it is clear that the imposition of sanctions should not encroach on a fair trial. In particular, the exclusion of defense evidence in criminal cases as a means of sanction is a drastic measure for the right of a defendant to adduce evidence in his behalf is one of the fundamentals inherent in the due process guarantee of a fair trial.

*Id.* at 399, 903 P.2d at 704 (internal quotation marks, citations, brackets, and ellipsis points omitted).

We held that when determining the appropriate sanction to impose under HRPP Rule 16 for a defendant's discovery violation, the trial court must consider the following factors:

> (1) whether the defendant was acting maliciously or in bad faith; (2) the extent of prejudice to the prosecution caused by the violation; (3) whether the prejudice could have been cured by measures less severe than excluding evidence; and (4) any other relevant circumstances.

*Id.* at 400, 903 P.2d at 705.

Considering these factors, we conclude that the district court abused its discretion in precluding the testimony of Parks and Padamada. The district court's ruling was essentially based on the failure of the defense to provide the birth date for Padamada. There is no evidence that the defense acted maliciously or in bad faith in failing to provide Padamada's birth date. More importantly, there was no evidence that the State suffered any legitimate prejudice from this omission.

The defense had provided the State with Padamada's first and last name, the name of Padamada's employer (Roberts Hawaii), and the employer's address. The State did not contend that it could not locate Padamada based on this information. Furthermore, the lengthy recess in the trial removed any possible prejudice to the State by giving the State ample time to locate and contact Padamada before the defense case began.

The district court excluded Parks as a witness even though the defense had provided all the information ordered by the court with respect to Parks. The district court imposed the sanction regarding Parks because the defense had not provided the information required for Padamada. Under the circumstances of this case, particularly the absence of any legitimate prejudice to the State, we conclude that the district court abused its discretion in precluding Parks and Padamada from testifying.

■ We note that HRPP Rule 16(e)(9)(ii) authorizes a court to subject counsel to appropriate sanctions for a "[w]illful violation by counsel of an applicable discovery rule or an order issued pursuant thereto." The trial court may order the payment of money, use its contempt power, and make referrals for professional disciplinary action in imposing sanctions against counsel under HRPP Rule 16(e)(9)(ii). *See State v. Fukusaku,* 85 Hawai'i 462, 492, 946 P.2d 32, 62 (1997); *State v. Dowsett,* 10 Haw.App. 491, 499–500, 878 P.2d 739, 743–44 (1994). Thus, if a defense counsel engages in a willful violation of a discovery rule or order, the trial court has alternatives to the exclusion of a defense witness when imposing sanctions.

## B.

■ We conclude that the district court also erred in limiting Gifford's testimony to Count 1. The district court based its ruling on the belief that Gifford was an alibi witness and that Inman had only complied with the notice requirements for an alibi defense as to Count 1. However, as the defense argued, Gifford was not being called as an alibi witness but as a percipient witness regarding the alleged telephone calls charged in Counts

3 through 7. With respect to the telephone counts, defense counsel asserted:

> Judge, . . . as explained earlier[,] she's a percipient witness. She's not an alibi witness.

> It's not to say—she's not there to say [Inman] wasn't there. She's there to say [Inman] didn't do it. That's two different things.

Gifford was identified as a potential witness and her address and phone number were provided to the State more than a month before the start of trial. The district court erred in precluding Gifford from testifying on Counts 3 through 7 on the ground that the defense had failed to comply with the requirements related to alibi witnesses.

### C.

 There was conflicting evidence presented at trial and the evidence supporting Inman's guilt was not overwhelming. Although the State contends that any error in excluding the testimony of Parks and Padamada was harmless, it acknowledges that such testimony could or may have altered the probability of whether the alleged acts occurred as charged in Counts 1 and 2. In addition, there was no corroboration for Klein's testimony regarding the telephone calls—testimony on which Inman's convictions on Counts 3, 4, 6, and 7 were based. Under the circumstances of this case, we cannot say that the district court's errors in excluding Parks and Padamada as witnesses and in limiting Gifford's testimony were harmless beyond a reasonable doubt. *See State v. Vinuya*, 96 Hawai'i 472, 481, 32 P.3d 116, 125 (App.2001) (applying the "harmless beyond a reasonable doubt standard" to trial errors).

### IV.

We vacate the May 29, 2007, Judgment of the district court and remand the case for a new trial.