STATE OF HAWAII, Plaintiff–Appellee, v. SAMUEL TAULAGI MATAFEO, Defendant–Appellant

NO. 13795

(CR. NO. 87–1229)

FEBRUARY 20, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY LUM, C.J.

The issue raised in this interlocutory appeal by Defendant–Appellant Samuel Taulagi Matafeo (Appellant) from the trial court's order denying his motion to dismiss the complaint is whether the inadvertent destruction of evidence by the police relating to his defense resulted in a denial of his right to due process

under the fourteenth amendment of the United States Constitution and article I, section 5 of the Constitution of Hawaii.

Upon a careful review, we cannot conclude that a trial without the destroyed evidence would be fundamentally unfair to Appellant, and we accordingly affirm the trial court's order denying Appellant's motion to dismiss the complaint.

## I.

Appellant was charged with Sexual Assault in the First Degree, Hawaii Revised Statutes (HRS) § 707–730(1)(a), and Kidnapping, HRS § 707–720(1)(d). Under Rule 16(b), Hawaii Rules of Penal Procedure (HRPP), Appellant requested inspection of all evidence gathered by the Honolulu Police Department (HPD) in its investigation. Counsel was told that due to a mistake in communication in the records department, HPD had destroyed all of the physical evidence relating to Appellant's case. In response, Appellant moved to dismiss the complaint, or in the alternative, to exclude evidence or testimony pertaining to the clothing and personal items of the complainant.

By stipulation, items of evidence recovered and destroyed by HPD were described as a pair of black shorts, a pair of white panties with the "crouch [crotch] ripped," and a yellow t–shirt. It was also stipulated that the officer who directed the destruction of the items had no personal knowledge of Appellant's case, and that he did not act intentionally in destroying the evidence.

At the hearing on the motion to dismiss, Detective Leighton Fujinaka testified that he had personally gathered the items of clothing and had examined each item. Fujinaka observed that the panties had a "rip in the crotch area." On cross–examination, Fujinaka stated that the panties were "fairly large," and "appeared used, but were not old or tattered." He could not recall any details about the rip in the crotch.

The court denied the motion to dismiss, relying on the recent decision of the United States Supreme Court in *Arizona v.*

*Youngblood*, 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988), to hold that no violation of due process occurs where the government's failure to preserve evidence is not in bad faith. The court entered findings of fact and conclusions of law, stating, *inter alia*, that none of the destroyed evidence was exculpatory or helpful to the defendant's case, and that there had been no showing of bad faith by the police department in destroying the evidence.

## II.

The due process guarantee of the Federal and Hawaii constitutions serves to protect the right of an accused in a criminal case to a fundamentally fair trial. *State v. Keliiholokai*, 58 Haw. 356, 569 P.2d 891 (1977). Central to the protections of due process is the right to be accorded "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 2532, 81 L. Ed. 2d 413, 419 (1984); *State v. Bullen*, 63 Haw. 27, 620 P.2d 728 (1980). In this case, we are asked to determine whether "the opportunity to present a complete defense" is denied when no showing is made that the government acted in bad faith in destroying the clothing and none of the destroyed evidence was exculpatory or favorable to the defendant.

The Appellant first contends that the complainant's clothing was material evidence favorable to him, in that it would have corroborated his defense that the complainant consented to sexual intercourse. Consequently, he argues, its destruction deprived him of due process under the rule of *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), and subsequent cases.

In *Brady v. Maryland*, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the good faith or bad faith of the prosecution. 373 U.S. at 87, 10 L. Ed. 2d at 218, 83 S. Ct. at 1196. The *Brady* rule has been incorporated into the Hawaii due process

jurisprudence and relied upon frequently by this court. *See generally State v. Estrada*, 69 Haw. 208, 738 P.2d 812 (1987); *State v. Arnold*, 66 Haw. 175, 657 P.2d 1052 (1983); *State v. Marzo*, 64 Haw. 395, 641 P.2d 1338 (1982).

We find no *Brady* violation here. There is no evidence on the record that the condition of the garments would corroborate the defendant's version of the events; in fact, the evidence is to the contrary. Detective Fujinaka's testimony that a tear was found in the crotch of the complainant's panties accords with the complainant's preliminary hearing testimony that her assailant had "ripped the crouch [sic] out from" the panties. In light of the evidence and testimony on the condition of the clothing, the Appellant's argument that the garments were not significantly torn and misshapen amounts to speculation, and does not supply the necessary showing that the evidence would "creat[e] a reasonable doubt about the Appellant's guilt that would not otherwise exist." *United States v. Agurs*, 427 U.S. 97, 112, 49 L. Ed. 2d 342, 355, 96 S. Ct. 2392, 2402 (1976). *See also State v. Kaiu*, 5 Haw. App. 350, 692 P.2d 1166 (1984). Consequently, no *Brady* violation occurred.

The Appellant argues alternatively that the *Brady* rule should adhere where the inadvertent loss or destruction of evidence prevents its exculpatory value from being known. To adopt Appellant's argument would inevitably compel this court to engage in "the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed." *California v. Trombetta*, 467 U.S. at 486, 81 L. Ed. 2d at 421, 104 S. Ct. at 2533.

*Arizona v. Youngblood, supra*, involved a state's negligent failure to preserve semen stains on the clothing of a sexual assault victim. The Supreme Court found no due process violation under the *Brady* standard, and refused to impose a constitutional duty beyond *Brady* in such cases. The Court observed that the exculpatory value of the evidence was not apparent before it was destroyed, and the state had complied with *Brady* and *Agurs* in all other respects by disclosing relevant police reports, laboratory

reports and other evidence relating to the stains. 488 U.S. at ___, 102 L. Ed. 2d at 288, 109 S. Ct. at 336. Where the state destroys evidence that has only a potential exculpatory value, due process is not offended unless the defendant can demonstrate that the state acted in bad faith, the Court concluded. 488 U.S. at ___, 102 L. Ed. 2d at 289, 109 S. Ct. at 337. The Court expressed its reluctance to "impos[e] upon the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." 488 U.S. at ___, 102 L. Ed. 2d at 289, 109 S. Ct. at 337.

We cannot agree that we need go no further than *Arizona v. Youngblood* to determine if Appellant has been denied due process. We believe the strict reading of the due process principles in *Arizona v. Youngblood* would preclude us, in cases where no bad faith is shown, from inquiring into the favorableness of the evidence or the prejudice suffered by the defendant as a result of its loss. This court has held that "'the duty of disclosure is operative as a duty of preservation,' [and] that principle must be applied on a case–by–case basis," *State v. Maluia*, 56 Haw. 428, 442, 539 P.2d 1200, 1211 (1975), quoting *United States v. Bryant*, 439 F.2d 642, 651 (D.C. Cir. 1971).

In certain circumstances, regardless of good or bad faith, the State may lose or destroy material evidence which is "so critical to the defense as to make a criminal trial fundamentally unfair" without it. 488 U.S. at ___, 102 L. Ed. 2d at 291, 109 S. Ct. at 339 (Stevens, J., concurring).

Turning to consider the circumstances of Appellant's case, we conclude that the complainant's clothing is not evidence so crucial to the defense that its destruction will necessarily result in a fundamentally unfair trial. The State carefully identified and described the articles of clothing, and turned over to the Appellant the police evidence report containing these observations. The testimony of Detective Fujinaka and the description of the garments contained

in the police evidence report supply no reasonable inference that evidence of the condition of the garments would have favored the defense. *Cf. United States v. Bryant*, 439 F.2d 642 (D.C. Cir. 1971) (conviction remanded for finding of whether due process violation had occurred where contents of crucial tape recording were known only to government). Further, to the extent possible, the State fulfilled its obligation to disclose the discovery required by Rule 16, Hawaii Rules of Penal Procedure and the requisites of *Brady v. Maryland, supra,* by disclosing the evidence report and other records relating to the destruction of the evidence. *Cf. Arizona v. Youngblood*, 488 U.S. at ___, 102 L. Ed. 2d at 288, 109 S. Ct. at 336.

Nor will the Appellant be precluded from pursuing a relevant line of defense that might tend to favor him. *State v. Lowther*, 7 Haw. App. ___, 740 P.2d 1017 (1987). At trial, the defense will have the opportunity to thoroughly cross–examine the state's witnesses on the condition of the clothing. In the absence of evidence of bad faith by the State, we cannot presume that the police detectives involved in the investigation will be less than truthful about the evidence.

The trial court's order denying Appellant's motion to dismiss the complaint is affirmed, and the case is remanded for further proceedings.

*Jonathan J. Ezer (Alvin T. Sasaki* with him on the brief; of counsel, Ezer & Sasaki) for Defendant–Appellant.

*Kari C. Kristiansen–Ayau,* Deputy Prosecuting Attorney, for Plaintiff–Appellee.

## SPECIAL CONCURRENCE BY WAKATSUKI, J.

The majority seems to believe that defendant is protected from the harsh consequences of the State's negligent loss of potentially exculpatory evidence by providing an exception where the

destroyed evidence is "so critical to the defense as to make a criminal trial fundamentally unfair" without it. I believe such an exception provides little, if any, real protection for the defendant because the most determinative matter in deciding how critical the lost evidence is to the defense is the evidence itself, and that evidence no longer exists.

If an expert could testify that the rip in the panty could not have been caused by the forcible act of defendant, that testimony would surely be "critical to the defense." Yet, the State's own negligent destruction of the panty prevents defendant from making such a showing. The majority claims that Detective Fujinaka's testimony and the police evidence report (which both described the panty as ripped in the crotch area) do not suggest that the panty would have aided the defense. The fact of the matter is that we can draw no inference one way or another from such testimony and report inasmuch as we have no idea whether the rip was of such a nature as to help or hurt the defense.

The majority's position provides hardly any incentive for the police to rectify careless police practices in the handling of evidence in their custody and control. Because the defendant will be at the mercy of conjecture and speculation as to the criticalness of the evidence to his defense, the prosecution will likely suffer no consequence as long as the destruction of the evidence by the police was "merely" negligent.

Nevertheless, I do not believe it necessary to dismiss the complaint. Rather, defendant's due process rights can be adequately protected and the police encouraged to improve their procedures and practices in preserving evidence by instructing the jury that it may infer that the destroyed evidence which was in the custody and control of the State would be favorable to the defense and against the State. *Cf. Arizona v. Youngblood* (noting that the trial court gave a similar instruction).

I would remand to the circuit court with instructions that defendant is entitled to such a jury instruction if he demands one.