LAW LIBRARY

NO. 29555

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I

2010 MAR 19 AM 7:55

FILED

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DIONE K. KAEO-TOMASELI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 07-1-2163)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Dione K. Kaeo-Tomaselli (**Kaeo-Tomaselli**) appeals the Circuit Court of the First Circuit's (**Circuit Court's**) Judgment of Conviction and Sentence entered on December 1, 2008, convicting her of Methamphetamine Trafficking in the Second Degree under Hawai'i Revised Statutes (**HRS**) § 712-1240.8 (Supp. 2008).[1]

On appeal, Kaeo-Tomaselli contends the Circuit Court erred in denying her motion to dismiss because certain phone records that were lost/misplaced by the State were so critical to the defense as to make the trial fundamentally unfair without them.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaeo-Tomaselli's point of error as follows:

In State v. Matafeo, 71 Haw. 183, 187, 787 P.2d 671, 673 (1990), the Hawai'i Supreme Court held that dismissal of criminal charges is appropriate, regardless of good or bad faith by the police, when the State loses or destroys material evidence that is "so critical to the defense as to make a criminal trial

---

[1]    The Honorable Richard W. Pollack presided.

fundamentally unfair without it."  See also State v. Steger, 114 Hawai'i 162, 158 P.3d 280 (App. 2006).

In this case, the Circuit Court did not err in concluding that the lost telephone records were not so critical to the defense as to make a criminal trial fundamentally unfair. There was no evidence or reasonable inference that the phone records necessarily would have been favorable to the defense. The Circuit Court emphasized that Kaeo-Tomaselli would not be precluded from pursuing a relevant line of defense at trial in the absence of the telephone records and Kaeo-Tomaselli had the opportunity to extensively cross-examine the State's witnesses regarding the telephone call that was alleged to have been made and the absence of the telephone records to substantiate the allegation.  Also, the Circuit Court's instruction permitting the jury to infer that the information about the telephone call would be favorable to Kaeo-Tomaselli eliminated any substantial prejudice flowing from the absence of the telephone records. Applying the Matafeo standard to the record in this case, we conclude that the absence of the phone records did not violate Kaeo-Tomaselli's due process rights.

Accordingly we affirm the Circuit Court's December 1, 2008 Judgment of Conviction and Sentence.

DATED:  Honolulu, Hawai'i, March 19, 2010.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge