**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000056
15-JUL-2019
07:55 AM**

NO. CAAP-18-0000056

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEE KI BOYD, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1SD17-1-00002)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Lee Ki Boyd appeals from the
January 3, 2018 Findings of Fact, Conclusions of Law, and Order
Denying Rule 40 Petition for Post Conviction Relief ("Order")
entered by the District Court of the First Circuit ("District
Court").[1]  The Order denied Boyd's Hawai'i Rules of Penal
Procedure ("HRPP") Rule 40 Petition for Post Conviction Relief
("Petition"), in which Boyd challenged his conviction for
Operating a Vehicle Under the Influence of an Intoxicant
("OVUII"),[2] in violation of Hawaii Revised Statutes ("HRS")
291E-61(a)(1) (Supp. 2014),[3] and sought to have the case
dismissed or set for a new trial.

---

[1]     The Honorable Darolyn H. Lendio Heim presided in the Rule 40 post
conviction proceedings.

[2]     The Honorable David W. Lo presided in the underlying OVUII
proceedings.  For clarity, the proceedings associated with Judge Lo are
referred to as the "trial court," while the proceedings associated with Judge
Lendio Heim as the "District Court."

[3]     The statute provides: "A person commits the offense of operating a
vehicle under the influence of an intoxicant if the person operates or assumes
actual physical control of a vehicle: (1) While under the influence of alcohol
in an amount sufficient to impair the person's normal mental faculties or
ability to care for the person and guard against casualty[.]"  Haw. Rev. Stat.
§ 291E-61(a)(1).

On May 29 and June 23, 2015, the trial court conducted a bench trial in the underlying case, in which Honolulu Police Department Officer James Yee testified with regard to Boyd's performance on the horizontal gaze nystagmus test, the "walk-and-turn" test, and the "one-leg stand" test.[4/] The trial court found Boyd guilty as charged, and convicted him of OVUII.

On July 16, 2015, Boyd filed a notice of appeal to this court. In *State v. Boyd*, No. CAAP-15-0000528,[5/] 2016 WL 3369242 (Haw. Ct. App. June 15, 2016), this court vacated Boyd's conviction for OVUII under HRS section 291E-61(a)(3), and affirmed Boyd's conviction under HRS section 291E-61(a)(1). We held that Officer Yee's testimony represented substantial evidence to establish that Boyd "operated or assumed actual physical control of a vehicle while under the influence of alcohol in an amount sufficient to impair a person's normal mental faculties or ability to care for the person and guard against casualty in violation of HRS § 291E61(a)(1)."

Boyd filed an Application for Writ of Certiorari, which the Hawai'i Supreme Court rejected on September 19, 2016.[6/] *See State v. Boyd*, No. SCWC-15-0000528, 2016 WL 4990250 (Haw. Sept. 19, 2016).

On June 19, 2017, Boyd filed his Petition with the District Court. Boyd alleged in relevant part that, prior to his trial, Officer Yee was "prosecuted by the Honolulu Prosecuting Attorney for Shoplifting"; that the State failed to disclose Officer Yee's prosecution in violation of Boyd's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), "as this information would

---

[4/] Boyd requests that this court take judicial notice of the records and files in that case. The Hawai'i Supreme Court has "validated the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same." *State v. Akana*, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (citing *State v. Wong*, 50 Haw. 42, 43, 430 P.2d 330, 332 (1967)). Accordingly, we take judicial notice of the records and files in Case No. 1DTA-15-01335.

[5/] Both the Respondent-Appellee State of Hawai'i ("State") and Boyd request that this court take judicial notice of the records and files in that case. For reasons explained above, we take judicial notice of the records and files in appellate case No. CAAP-15-0000528.

[6/] Boyd requests that this court take judicial notice of the records and files in that case. For reasons explained above, we take judicial notice of the records and files in appellate case No. SCWC-15-0000528.

have been favorable to [Boyd], giving [him] the opportunity to cross examine [Officer] Yee on the favorable materials pursuant to Hawaii Rules of Evidence Rule 608(b) [regarding specific instances of conduct going to witness credibility] and other statutory provisions"; and that, therefore, Boyd's state and federal due process rights were violated, and his conviction should be reversed, and the case dismissed and/or set for a new trial.

On July 12, 2017, the State filed its answer to Boyd's Petition. The State denied Boyd's allegation in the Petition that prior to trial in the underlying case, "[Officer] Yee was prosecuted by the Honolulu Prosecuting Attorney for Shoplifting,"[1] but acknowledged that

> According to records in JIMS, James Yee was charged with one count of Theft in the Fourth Degree under Case No. 1P2100000463 with HPD Report No. 10437532 in the District court of [] the First Circuit, Wahiawa Division.
>
> a.   A&P was January 4, 2011
>
> b.   On May 19, 2011 James Yee was represented by Guy Matsunaga and entered a plea of no contest. He was granted a deferred acceptance of no contest plea of six months.
>
> c.   On October 11, 2011, his case was dismissed[.]

On August 28, 2017, the District Court granted Boyd a continuance of the hearing on the Petition to subpoena both the criminal and administrative investigations by HPD against Officer Yee. A Stipulated Protective Order was filed on September 12, 2017 along with a Filing of Police Documents Under Seal with the subpoenaed documents. The documents provided, in relevant part, that on May 19, 2011, Officer Yee received a twenty-day suspension for "Theft (Felony)" and a three-day suspension for "Commission of a Criminal Act (Other) - Conviction for Theft," that the incident took place on December 7, 2010, and that the incident involved Officer Yee walking into a supermarket, concealing poi, honey, and meat in his pants, and exiting the store without paying for the concealed items.

---

[1]     The State provides no argument on the subject of whether, because the Prosecutor's Office did not prosecute Officer Yee, it was unaware of the prosecution so as to excuse its responsibility to produce information under *Brady*. Therefore, we do not consider the matter further.

3

On November 6, 2017, the continued-hearing on the Petition took place. On January 3, 2018, the District Court entered the Order denying the Petition. In the Order, the District Court made the following conclusion of law, which Boyd now challenges: "5. The Court finds that [Boyd] failed to show that the shoplifting offense by Officer Yee carries probative value on the issue of the truth and veracity of [Officer] Yee as a witness against [Boyd] in [Boyd's] OVUII trial."

On appeal, Boyd asserts that: (1) The State's wilful withholding of the information surrounding Officer Yee's shoplifting prosecution constituted a *Brady* violation; and (2) had the State disclosed Officer Yee's prosecution, the discovery that records had been purged would have led to the exclusion of Officer Yee as a witness.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we affirm.

(1) Boyd argues that the State's wilful withholding of the information surrounding Officer Yee's shoplifting prosecution constituted a *Brady* violation because, had it been brought to Boyd's attention prior to trial, he could have used such information to impeach Officer Yee.

In extending *Brady* to impeachment evidence, the Hawaiʻi Supreme Court has articulated that "[t]he duty to disclose evidence that is favorable to the accused includes evidence that may be used to impeach the government's witnesses by showing bias, self-interest, or other factors that might undermine the reliability of the witness's testimony." *Birano v. State*, 143 Hawaiʻi 163, 182, 426 P.3d 387, 406 (2018) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). "The duty to disclose material impeachment evidence is compelled not only by due process, but also the constitutional right to confrontation." *Birano*, 143 Hawaiʻi at 183, 426 P.3d at 407.

> "Violation of the constitutional right to confront adverse witnesses is subject to the harmless beyond a reasonable doubt standard." Additionally, the failure of the prosecution to disclose impeachment evidence warrants a new trial if the evidence is "*material*." When the

> "reliability of a given witness may well be determinative of guilt or innocence," the nondisclosure of evidence affecting that witness's credibility is material. Put another way, evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Thus, the nondisclosure of impeachment evidence bearing on [a witness'] credibility warrants granting [a defendant] a new trial if [the witness'] testimony was material in the obtainment of [the defendant's] convictions.

*Birano*, 143 Hawaiʻi at 190-91, 426 P.3d at 414-15 (emphasis added) (citations omitted).

Relying on *State v. Pacheco*, 96 Hawaiʻi 83, 26 P.3d 572 (2001), the District Court concluded that because of the nature of Officer Yee's offense, there was no reasonable probability that, had the information been disclosed, the result of the proceeding could have been any different:

### CONCLUSIONS OF LAW

1. [Boyd] comes before this court seeking relief pursuant to HRPP Rule 40, essentially alleging that the State failed to notify counsel of the prosecution of [Officer] Yee and as such violated Brady, and in turn violated his State and Federal Rights to Due Process.

2. Specifically, [Boyd] claims that had the State provided information regarding Officer Yee's prosecution of shoplifting, he would have used that information to impeach Officer Yee, State's witness in his OVUII trial, *relating to truthfulness or credibility*.

3. A petty theft conviction is not, per se, a *"crime of dishonesty," such that it is admissible for impeachment purposes*. <u>State v. Pacheco</u>, 96 Hawaii 83, 98, 26 P.3d 572, 587 (2001).

. . . .

5. The Court finds that [Boyd] failed to show that the shoplifting offense by Officer Yee carries *probative value on the issue of the truth and veracity of [Officer] Yee as a witness* against [Boyd] in [Boyd's] OVUII trial.

(Emphasis added.)

In *Pacheco*, the Hawaiʻi Supreme Court held that the trial court erred in allowing the prosecution to introduce the defendant's prior theft conviction for impeachment purposes under Hawaii Rules of Evidence ("HRE") Rule 609(a).[8/] 96 Hawaiʻi at 99,

---

[8/] The District Court indicated during the November 6, 2017 hearing on the Petition that it considered the analysis under HRE Rule 608(b), and COLs 2 and 5 reflect the same. As HRE Rule 609(a) and HRE Rule 608(b) both concern the employment of impeachment evidence to attack a witness's credibility on the basis of acts/crimes of untruthfulness /dishonesty, *Pacheco* is applicable to this case.

26 P.3d at 588. The court noted that "[i]n every instance where a witness is sought to be impeached, the only issue that arises is whether the witness is telling the truth," and that as a preliminary matter, "if a party proffers evidence of a prior conviction to impeach the credibility of a witness, the trial court must first expressly determine whether the proffering party has 'shown that the conviction . . . *rationally carries probative value on the issue of the truth and veracity of the witness.*'" *Id.* (emphasis added) (ellipses in original) (quoting *Asato v. Furtado*, 52 Haw. 284, 292, 293, 474 P.2d 288, 294, 295 (1970)). The supreme court held that "a theft offense is not, *per se*, a "crime of dishonesty" such that it is admissible to impeach a criminal defendant's credibility. Rather, to be admissible impeachment evidence pursuant to HRE Rule 609(a), *the defendant must have committed the prior theft offense under circumstances that, by their very nature, render his or her prior conviction of the offense relevant to and probative of his or her veracity as a witness.*" *Id.* at 100, 26 P.3d at 589 (emphasis added) (citations omitted).

Taken together, the dispositive issue is whether the information surrounding Officer Yee's shoplifting prosecution constituted evidence that could be used to impeach Officer Yee by showing bias, self-interest, or other factors—in this case, that would be his credibility due to untruthfulness—that might undermine the reliability of Officer Yee's testimony in Boyd's OVUII trial.

Boyd argues that based on the circumstances surrounding Officer Yee's shoplifting prosecution and the fact that "although he was off duty at the time, Officer Yee was a sworn police officer at the time that he stole the items[,]" Officer Yee displayed non-verbal acts that were "deceptive," and therefore, created a reasonable possibility that Officer Yee's testimony "would have been put in a different light." Boyd provides no legal authority in support, and more importantly, fails to explain why Officer Yee's actions were deceptive as to affect his credibility as a witness or how the information would undermine the reliability of Officer Yee's testimony in any way. Rather,

6

Boyd simply reiterates the facts underlying Officer Yee's shoplifting prosecution.

The record also does not support Boyd's argument. The subpoenaed documents submitted with the September 12, 2017 Filing of Police Documents Under Seal chronicle exactly what Boyd describes. They do not, however, reflect that Officer Yee's four-year-old shoplifting incident had any probative value on the truth and veracity of Officer Yee as a witness in Boyd's unrelated OVUII trial. *See Pacheco*, 96 Hawai'i at 100, 26 P.3d at 589 (concluding that the prosecution failed to establish that defendant's prior theft conviction, which it determined from the record, at most, "involved 'shoplifting' from a 'church[,]'" was conduct relevant to or probative of defendant's veracity as a witness); *see also id.* (noting an example where "trial court properly determined that nine-year-old theft conviction was not a crime of dishonesty and, thus, was too 'collateral' and 'remote' to be admissible to impeach prosecution's witness" (citing *State v. Pudiquet*, 82 Hawai'i 419, 427, 922 P.2d 1032, 1040 (App.), *cert. denied*, 82 Hawai'i 360, 922 P.2d 973 (1996))).

Moreover, the subpoenaed documents do not reflect bias, self-interest, or any other factor that would undermine the reliability of Officer Yee's testimony against Boyd. The documents do not reflect that Officer Yee had any personal stake in Boyd's OVUII trial, or that Officer Yee's shoplifting prosecution, which occurred more than four years prior to Boyd's OVUII offense, undermined Officer Yee's credibility as a witness such that it affected the reliability of Officer Yee's testimony. *Cf. Birano*, 143 Hawai'i at 181-89, 426 P.3d at 405-13 (holding that the trial court erred in concluding that there was no impeachment evidence that required disclosure because the evidence was relevant to witnesses' credibility as it showed that he was "motivated by the possibility of a reward from the State," in the form of a sentencing recommendation, in exchange for testifying against defendant). Put another way, there is no reasonable probability that had Officer Yee's shoplifting prosecution been disclosed to Boyd, the result of Boyd's OVUII trial would have been different. *See Birano*, 143 Hawai'i at 191,

7

426 P.3d at 415 (noting that impeachment evidence is material, thereby requiring disclosure by the prosecution, "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different'" (quoting *State v. Moriwaki*, 71 Haw. 347, 356, 791 P.2d 392, 397 (1990))).

Therefore, the District Court correctly concluded that "[Boyd] failed to show that the shoplifting offense by Officer Yee carries probative value on the issue of the truth and veracity of [Officer] Yee as a witness against [Boyd] in [Boyd's] OVUII trial." *See State v. Ramos*, 93 Hawaiʻi 502, 507, 6 P.3d 374, 379 (App. 2000) (stating that conclusions of law are reviewed under the right/wrong standard (quoting *State v. Balberdi*, 90 Hawaiʻi 16, 20-21, 975 P.2d 773, 777-78 (App. 1999))). Accordingly, the State did not violate *Brady* in failing at the time of Boyd's trial to disclose the subpoenaed documents regarding Officer Yee's shoplifting prosecution. Boyd's first point is thus without merit.

(2) Boyd also argues that the State's disclosure of "the information on [Officer Yee], which would have led to the information that HPD had purged the administrative discipline against [Officer Yee] which resulted in a 3 day suspension for theft, and a 20 day suspension for felony theft," would have led to the exclusion of Officer Yee as a witness.

In *State v. Matafeo*, 71 Haw. 183, 787 P.2d 671 (1990), the Hawaiʻi Supreme Court evaluated whether the loss or destruction of potentially exculpatory evidence, consisting of clothing in an alleged sexual assault, violated due process under the Hawaiʻi Constitution and under *Brady*. In holding that the HPD's destruction of the evidence and the State's subsequent failure to preserve the evidence did not violate defendant's due process rights, the court adopted the rule that dismissal is appropriate in certain circumstances, regardless of good or bad faith, where the State loses or destroys material which is "so critical to the defense as to make a criminal trial fundamentally unfair without it." *Id.* at 187, 787 P.2d at 673 (internal quotation marks omitted) (quoting *Arizona v. Youngblood*, 488 U.S.

8

51, 61 (1988) (Stevens, J., concurring)). Justice Wakatsuki, concurring specially, agreed that the destruction of the evidence did not demand dismissal of the charge. *Matafeo*, 71 Haw. at 188-189, 787 P.2d at 674 (Wakatsuki, J., concurring). However, Justice Wakatsuki opined that, in order to adequately protect defendant's due process rights and encourage the police to improve their procedures and practices in preserving evidence, he would have remanded the case to the trial court with orders to instruct the jury that "it may infer that the destroyed evidence which was in the custody and control of the State would be favorable to the defense against the State." *Id.* at 189, 787 P.2d at 674 (Wakatsuki, J., concurring).

Citing generally to the concurrence in *Matafeo*, Boyd asserts that "[t]his court should make an inference that the purged investigations would have been favorable to the defense, since the defendant had absolutely no control over either the destruction, or notification of the existence of the documents that were purged." Boyd further asserts that "by not disclosing the prosecution of [Officer] Yee, the State suppressed favorable information since it is likely to have excluded [Officer] Yee from testifying as a result of the presumptively prejudicial information that was purged by HPD."

Boyd's arguments, and the facts and procedural history underlying this case, do not advance the policy considerations articulated in the concurrence in *Matafeo*. Boyd's arguments are conclusory and expressly speculative, as he asks this court to make the inference that simply because the State purged investigation files related to shoplifting/theft, the documents connected to that investigation are "presumptively prejudicial." Boyd does not explain how these documents are prejudicial in relation to the specific facts of his case.

Here, there is no reasonable possibility that the administrative investigation files would have aided in Boyd's defense in the OVUII trial beyond any benefit that might have arisen from the fact of the subsequently-dismissed conviction itself. As explained above, the subpoenaed documents in connection with Officer Yee's shoplifting prosecution do not

suggest that any related information was material to Boyd's guilt or punishment. As such, this is not a circumstance in which the purged records were "so critical to the defense as to make [Boyd's] criminal trial fundamentally unfair without it." *See Matafeo*, 71 Haw. at 186-87, 787 P.2d at 673 (holding that evidence was not so crucial to the defense as to make defendant's trial fundamentally unfair without it); *State v. Steger*, 114 Hawai'i 162, 169-71, 158 P.3d 280, 287-89 (App. 2006) (ruling that lost photographs were not critical to the defense to make defendant's trial fundamentally unfair without them, because the photographs could not have provided a complete defense, did not preclude defendant from pursuing his defense, and because defendant's argument was too speculative).

Accordingly, the State's failure to disclose Officer Yee's shoplifting prosecution, and failure to preserve the purged records regarding the related administrative investigation files do not amount to a *Brady* violation. Absent a *Brady* violation and any further explanation from Boyd connecting the information to his own conviction, there is no reason upon which we can conclude that the purged records would have led to the exclusion of Officer Yee as a witness. Boyd's second point is thus without merit.

Therefore, the January 3, 2018 Findings of Fact, Conclusions of Law, and Order Denying Rule 40 Petition for Post Conviction Relief entered by the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 15, 2019.

On the briefs:

Jonathan Burge
for Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

10